OPINION
{¶ 1} This appeal arises from a denial by the Canton Municipal Court of a Civ.R. 60(B) Motion to vacate a default judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The basis for the Civ.R. 60(B) motion provided by Appellant by affidavit was that service of summons was made at a property which he owned but which was not his residence.
 {¶ 3} Appellee acknowledges in its brief that it relied on the county records of property ownership in utilization of Appellant's address but states that this complies with the Ohio Civil Rules and local court rules.
 {¶ 4} Two Assignments of Error are raised.
 ASSIGNMENTS OF ERROR {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION TO RECONSIDER/RELIEF FROM JUDGMENT.
 {¶ 6} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT THE OPPORTUNITY TO RESPOND TO THE PLAINTIFF'S BRIEF IN OPPOSITION."
 I. {¶ 7} The First Assignment asserts abuse of discretion on the part of the court in denial of his motion.
 {¶ 8} We agree.
 {¶ 9} "In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 10} Civil Rule 4.1(C) states:
 {¶ 11} "When the plaintiff files a written request with the clerk for residence service, service of process shall be made by that method.
 {¶ 12} "Residence service shall be affected by leaving a copy of the process and the complaint, or other document to be served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein. The clerk of the court shall issue the process, and the process server shall return it, in the same manner as prescribed in division (B) of this rule. When the person serving process is unable to serve a copy of the process within twenty-eight days, the person shall endorse that fact and the reasons therefore on the process, and return the process and copies to the clerk, who shall make the appropriate entry on the appearance docket. In the event of failure of service, the clerk shall follow the notification procedure set forth in division (A) of this rule. Failure to make service within the twenty-eight-day period and failure to make proof of service do not affect the validity of service."
 {¶ 13} The salient language in such Rule is that service is to be made "at the usual place of residence of the person to be served."
 {¶ 14} Since it is clear that Appellee relied on Stark County records of property ownership for the address used rather than obtaining the residence of Appellant, the judgment is void as Appellant was not properly served.
 {¶ 15} There is no need to examine the specific requirements of Civ.R. 60(B) as no enforceable judgment was obtained.
 {¶ 16} To follow Appellee's reasoning, for example, one who owns one hundred parcels of real estate may be served at any of them.
 {¶ 17} The First Assignment is sustained.
 {¶ 18} Due to this ruling, the Second Assignment is moot.
 {¶ 19} This cause is reversed with the default judgment vacated at Appellee's costs.
By: Boggins, J. Hoffman, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is reversed. Costs assessed to appellee.